IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KELDRICK JABBAR MCCRARY,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:23-CV-00439-TES-CHW |
| **DEPUTY BURNETT,** *et al.*, | : | |
| **Defendants.** | : | |

# **ORDER**

Presently pending before the Court are the claims of *pro se* Plaintiff Keldrick Jabbar McCrary, an inmate presently incarcerated in the Houston County Correctional Institution in Perry, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On November 28, 2023, Plaintiff was ordered to recast his Complaint on the Court's standard form and either pay the Court's filing fee or file a proper and complete motion to proceed *in forma pauperis* in this action. *See generally* Order, Nov. 28, 2023, ECF No. 3. When the time for compliance passed without a response from Plaintiff, he was ordered to respond and show cause why the Court should not dismiss this case for failure to comply with the Court's orders and instructions. *See generally* Order, Jan. 4, 2024, ECF No. 4.

Plaintiff has now responded and stated that although he received the Court's forms, he "do[es] not fully understand how to fill [them] out." Pl.'s Resp. 1, Jan. 11, 2024, ECF No. 5. He further states that "this case should not be dismissed because [he] do[es] not have an attorney to help [him] understand this package," and he also says he is afraid of

some of the deputies and that they have "been going through [his] legal mail trying to see what's going on." *Id.* Plaintiff has also filed a motion for appointed counsel to assist him in completing his forms (ECF No. 6).

As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has been able to set forth the facts underlying his legal claims, and the applicable legal doctrines are readily apparent. As the Court's standard forms explain, Plaintiff does not have to give any legal argument or cite to any cases or statutes when he is completing the forms; he must simply answer the questions set forth in the forms and do

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

his best to explain what happened to him.   Plaintiff's motion for appointed counsel (ECF No. 6) is accordingly **DENIED**.   Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

Given that Plaintiff has made some effort to respond to the January 4th Show Cause Order, Plaintiff will be given an additional **FOURTEEN (14) DAYS** from the date of this Order to recast his Complaint on the Court's standard form and either submit a motion for leave to proceed *in forma pauperis* or pay the filing fee.   Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address.   **The failure to fully and timely comply with this Order will likely result in the dismissal of this case.**   There shall be no service of process until further order of the Court.

**SO ORDERED**, this 18th day of January, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge